D'AGOSTINO, LEVINE & LANDESMAN, L.L.P.
345 SEVENTH AVENUE, 23RD FLOOR
NEW YORK, NY  10001
TELE:  212-564-9800

Attorneys for the Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

WILLIAM LEE AND
SZUYU PAN,

               Plaintiffs,               Index No. 1:09-cv-01721-ARR-JMA

       -against-                       ANSWER

BORDEN EAST RIVER REALTY LLC and
JOSEPH SIMONE,

               Defendants.

-----------------------------------------------------------X

      Defendants BORDEN EAST RIVER REALTY LLC and JOSEPH SIMONE, by their attorneys D'Agostino, Levine & Landesman, L.L.P., as and for their answer to the amended complaint, state as follows:

1.     Deny each and every allegation contained in paragraph 1 of the plaintiffs' complaint.

2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the plaintiffs' complaint and respectfully refer all conclusions of law to the Court for determination.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the plaintiffs' complaint and respectfully refer all conclusions of law to the Court for determination.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the plaintiffs' complaint and respectfully refer all conclusions of law to the Court for determination.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the plaintiffs' complaint.

6. Admit the allegations of paragraph 6 of the plaintiffs' complaint.

7. Deny each and every allegation contained in paragraph 7 of the plaintiffs' complaint, except admit defendant Borden East River Realty LLC has a mailing address c/o Simone Development, LLC, 1000 Main Street, New Rochelle, NY 10801.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the plaintiffs' complaint except admit that Joseph Simone is a principal of Borden East River Realty LLC.

9. Deny each and every allegation contained in paragraph 9 of the plaintiffs' complaint, except admit that Joseph Simone executed a certification in the offering plan (the "Offering Plan") for One Hunters Point Condominium, and respectfully refer the Court to the Offering Plan for its terms and conditions.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the plaintiffs' complaint, except admit that Borden East

River Realty LLC offered for sale condominium units pursuant to the Offering Plan, marketed units, entered into contracts and respectfully refer all conclusions of law to the Court for determination.

11. Admit the allegations of paragraph 11 of the plaintiffs' complaint.

12. Admit the allegations of paragraph 12 of the plaintiffs' complaint.

13. Deny each and every allegation contained in paragraph 13 of the plaintiffs' complaint, except admit that the Offering Plan provides for the sale of 132 residential units.

14. Deny each and every allegation contained in paragraph 14 of the plaintiffs' complaint, except admit that the Unit was offered for sale pursuant to a condominium offering plan for 132 residential units, duly accepted for filing by the New York State Department of Law on September 11, 2007.

15. Deny each and every allegation contained in paragraph 15 of the plaintiffs' complaint, except admit that Borden East River Realty LLC's Offering Plan filed in the State of New York provides for the sale of 132 residential units.

16. Deny each and every allegation contained in paragraph 16 of the plaintiffs' complaint, except admit that the Offering Plan provides for the sale of 132 residential units.

17. Deny each and every allegation contained in paragraph 17 of the plaintiffs' complaint, except admit that the Offering Plan provides for the sale of 132 residential units.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the plaintiffs' complaint, except admit that Borden East

3

River Realty LLC has used the mails and used overnight delivery services, and respectfully refer all conclusions of law to the Court for determination.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the plaintiffs' complaint, except admit that Borden East River Realty LLC has purchased a variety of materials from many sources, and respectfully refer all conclusions of law to the Court for determination.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the plaintiffs' complaint, except admit that there is a website with the URL of www.hunterspointcondos.com, and respectfully refer all conclusions of law to the Court for determination.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the plaintiffs' complaint, except admit that there is a website with the URL of www.hunterspointcondos.com, and respectfully refer all conclusions of law to the Court for determination.

22. Deny each and every allegation contained in paragraph 22 of the plaintiffs' complaint, except admit that Brown Harris Stevens Project Marketing is the Selling Agent pursuant to the Offering Plan.

23. Deny each and every allegation of paragraph 23 of the plaintiffs' complaint, except admit that on or about December 28, 2007, transactional counsel for defendants received from transactional counsel for plaintiffs, a condominium contract for the purchase of Unit D6 (the "Unit"), in the One Hunters Point Condominium, 5-49 Borden

4

Avenue, Long Island City, NY (the "Project"), which contract was signed by plaintiffs along with a downpayment in the amount of $67,238 from the plaintiffs. The contract was countersigned by defendant Borden East River Realty LLC, as sponsor, on or about January 3, 2008. On or about January 7, 2008, the fully signed contract (the "Contract") was sent to the plaintiffs' transactional counsel, and the downpayment of $67,238 was deposited by the escrow agent.

24. Admit the allegations of paragraph 24 of the plaintiffs' complaint.

25. Deny each and every allegation contained in paragraph 25 of the plaintiffs' complaint and respectfully refer all conclusions of law to the Court for determination.

26. Deny each and every allegation contained in paragraph 26 of the plaintiffs' complaint and respectfully refer all conclusions of law to the Court for determination.

27. Deny each and every allegation contained in paragraph 27 of the plaintiffs' complaint.

28. Deny each and every allegation contained in paragraph 28 of the plaintiffs' complaint, except admit that the Unit was offered for sale pursuant to a condominium offering plan for 132 residential units, duly accepted for filing by the New York State Department of Law on September 11, 2007.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the plaintiffs' complaint.

30. Deny each and every allegation contained in paragraph 30 of the plaintiffs' complaint, except admit that there was no Certificate of Occupancy issued by the New York City Department of Buildings on January 3, 2008.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the plaintiffs' complaint.

32. Admit the allegations of paragraph 32 of the plaintiffs' complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the plaintiffs' complaint and respectfully refer all conclusions of law to the Court for determination.

34. Admit the allegations of paragraph 34 of the plaintiffs' complaint.

35. Admit the allegations of paragraph 35 of the plaintiffs' complaint.

36. Admit the allegations of paragraph 36 of the plaintiffs' complaint.

37. Deny each and every allegation contained in paragraph 37 of the plaintiffs' complaint, except admit that the Offering Plan contains a purchase agreement and respectfully refer all conclusions of law to the Court for determination.

38. Deny each and every allegation contained in paragraph 38 of the plaintiffs' complaint, except admit that the Offering Plan contains a purchase agreement and respectfully refer all conclusions of law to the Court for determination.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the plaintiffs' complaint.

40. Admit the allegations of paragraph 40 of the plaintiffs' complaint.

41. Admit the allegations of paragraph 41 of the plaintiffs' complaint.

42. Admit the allegations of paragraph 42 of the plaintiffs' complaint.

43. Admit the allegations of paragraph 43 of the plaintiffs' complaint.

44. Deny each and every allegation contained in paragraph 44 of the plaintiffs' complaint except admit that Borden East River Realty LLC's Broker Dealer Statement reflects that the offering or selling will take place in New York State only.

45. Deny each and every allegation contained in paragraph 45 of the plaintiffs' complaint except admit that Borden East River Realty LLC is exempt from filing with HUD.

46. Admit the allegations of paragraph 46 of the plaintiffs' complaint.

47. Admit the allegations of paragraph 47 of the plaintiffs' complaint.

48. Deny each and every allegation contained in paragraph 48 of the plaintiffs' complaint except admit that Borden East River Realty LLC is exempt from filing with HUD.

49. Deny each and every allegation contained in paragraph 49 of the plaintiffs' complaint except admit that Borden East River Realty LLC is exempt from filing with HUD.

50. Deny each and every allegation contained in paragraph 50 of plaintiffs' complaint except admit that Borden East River Realty LLC is exempt from filing with HUD.

51. Neither admit nor deny the allegations of paragraph 51 of the plaintiffs' complaint as same simply purport to summarize the nature of a certain federal statute.

52. Admit the allegations of paragraph 52 of the plaintiffs' complaint.

53. Neither admit nor deny the allegations of paragraph 53 of the plaintiffs' complaint as same simply purport to summarize the nature of a certain federal statute.

54. Deny each and every allegation contained in paragraph 54 of plaintiffs' complaint except admit that Borden East River Realty LLC is exempt from filing with HUD.

55. Deny each and every allegation contained in paragraph 55 of plaintiffs' complaint except admit that Borden East River Realty LLC is exempt from filing with HUD.

56. Neither admit nor deny the allegations of paragraph 56 of the plaintiffs' complaint as same simply purport to summarize the nature of a certain federal statute.

57. Admit the allegations of paragraph 57 of the plaintiffs' complaint.

58. Deny each and every allegation contained in paragraph 58 of the plaintiffs' complaint and respectfully refer all conclusions of law to the Court for determination.

59. Deny each and every allegation contained in paragraph 59 of the plaintiffs' complaint.

60. Deny each and every allegation contained in paragraph 60 of the plaintiffs' complaint.

61. Deny each and every allegation contained in paragraph 61 of the plaintiffs' complaint, except admit that on or about April 8, 2009, plaintiffs' counsel Lawrence C. Weiner communicated in writing to defendants that the plaintiffs wanted their contract deposit refunded and respectfully refer all conclusions of law to the Court for determination.

62. Deny each and every allegation contained in paragraph 62 of the plaintiffs' complaint and respectfully refer all conclusions of law to the Court for determination.

63. Deny each and every allegation contained in paragraph 63 of the plaintiffs' complaint.

64. Deny each and every allegation contained in paragraph 64 of the plaintiffs' complaint.

65. Repeat and reiterate their responses to each and every allegation which is incorporated by reference in paragraph 65 of the plaintiffs' complaint.

66. Deny each and every allegation contained in paragraph 66 of the plaintiffs' complaint.

67. Deny each and every allegation contained in paragraph 67 of the plaintiffs' complaint.

FIRST DEFENSE TO PLAINTIFFS' COMPLAINT

68. The provision of the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. §1701, et seq., requiring registration and disclosure, are not applicable to the Project pursuant to 15 U.S.C. §1702 (b)(1) as a sale or lease of lots in a subdivision containing fewer than one hundred (100) lots.

69. HUD's Full Disclosure Action Exemptions Supplemental Information to Part 1710, Part V, sets forth the proper application and interpretation of the governing statute and provides the following example:

> "For example, a developer of a subdivision containing a total of 129 lots since April 28, 1969, qualifies for this exemption if at least 30 lots are sold in transactions that are exempt because the lots had completed homes erected on them. The 30 exempt transactions may fall within any one exemption or a combination of exemptions noted in Sec. 1710.5 (b) through (h) and may be either past or future sales. In the above example, the developer also could qualify if twelve lots had been sold with residential structures already erected on them, nine lots had been sold to building contractors and at least nine lots were reserved for either the construction of homes by the developer or for sales to building contractors. The reserved lots need not be specifically identified."

70. The Project is an initial offering, pursuant to a duly filed New York State Condominium Offering Plan of one hundred thirty-two (132) residential units, with twenty-six (26) accessory roof terrace units and twenty-five (25) accessory parking space units. Pursuant to Section 5.7(B) of the recorded condominium by-laws, the roof terraces and

9

parking spaces "shall only be used ... by Owners and tenants and occupants of the Unit[s]." The by-laws further provide that "Ownership of Roof Terrace Units and Parking Space Units is restricted to the Sponsor and Residential Unit Owners."

71. Of the one hundred thirty-two (132) residential units in the initial offering plan for the Project, fifty-eight (58) units are not subject to registration and disclosure for the following reasons. On February 17, 2009, a temporary certificate of occupancy was issued for the Hunter's Point Project, so that all unsold units at that point in time are exempt pursuant to 15 U.S.C. §1702(a)(2) as sale of improved units. As of February 17, 2009, fifty-seven (57) units were unsold and additional unit, Unit 2M, was sold on that day, so that a total of fifty-eight (58) units were exempt from registration and disclosure. Thus, the total number of lots for purposes of the 15 U.S.C. §1702(b)(1) exemption is 74, which is "fewer than 100."

72. By virtue of the foregoing, the Project is not subject to the registration and disclosure, and plaintiffs therefore has no right or option to revoke under 15 U.S.C. §1703(c).

SECOND DEFENSE TO PLAINTIFFS' COMPLAINT

73. Additionally, or alternatively, the Project is not subject to registration and disclosure because of substantial compliance with 15 U.S.C. §1702 (b)(5) , §1702 (b)(7) and §1702(b)(8).

THIRD DEFENSE TO PLAINTIFFS' COMPLAINT

74. This action, as alleged in paragraph 9 of the plaintiffs' complaint, and as allegedly authorized by 15 U.S.C. §1709 (b), is commenced "in equity" to "rescind a sale and

10

purchase agreement," and as such is subject to fundamental equitable principals of jurisprudence.

75. The legislative purpose of the ISLDA is to promote full disclosure and prevent fraud in connection with sales of land in interstate commerce.

76. Plaintiffs have not, and cannot make, any bona fide allegations of fraud, or any non-disclosure which is proximately related to plaintiffs' attempts to rescind the Contract.

77. Plaintiffs' desire and attempt to rescind the Contract is, upon information and belief, based solely upon current economic conditions, completely unrelated to the purposes of ILSFDA.

78. Allowing plaintiffs, or persons similarly situated, to rescind contract(s) based upon current economic conditions, completely unrelated to the purposes of ILSFDA is against public policy to the extent that such claims potentially undermine the stability of the real estate market and financial system at a time the Federal Government has been enacting a variety of emergency legislation to stabilize the economy.

79. Rescission, lying in equity, is a matter of discretion, and the equitable remedy of rescission is only to be invoked where there is lacking a complete and adequate remedy at law and where the status quo may be substantially restored.

80. Because of current economic conditions, it is not possible to restore the status quo and allowing rescission would result in a windfall to plaintiffs and/or unfairly harm the defendants.

81. Under such circumstances, equity should limit any recovery by plaintiffs to any monetary damages plaintiffs can prove are proximately related to any claimed lack of disclosure or fraud, which upon information and belief do not exist.

WHEREFORE, defendants demand judgment dismissing the plaintiffs' complaint in its entirety and awarding defendants legal fees and court costs and such other and further relief as the Court may deem just and proper.

Dated: July 9, 2009

                                           D'AGOSTINO, LEVINE & LANDESMAN, LLP

                                           By:   /s/   Jonathan D. Gottlieb
                                                 Jonathan D. Gottlieb, Esq. (JG-2687)
                                                 Attorneys for the Defendants
                                                 345 Seventh Avenue, 23rd Floor
                                                 New York, NY  10001
                                                 Tel:  (212) 564-9800
                                                 Fax: (212) 564-9802